**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| Eriberto Galban Juarez and Angel Hernandez | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| Rozco Landscaping Co., Jennifer Orozco, and | ) |
| Marlene Orozco, | ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

**Now Come** Plaintiffs Eriberto Galban Juarez and Angel Hernandez (cumulatively "Plaintiffs"), by attorneys Justicia Laboral LLC, Daniel I. Schlade and James M. Dore, and in complaining against Defendants Rozco Landscaping Co., Jennifer Orozco, and Marlene Orozco (cumulatively "Defendants"), state:

**Introduction and Parties**

1.     This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA") , and/or the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2.     Plaintiffs are residents of Cook County, Illinois; they were formerly employed by Defendants.

3.     Defendant Rozco Landscaping Co. operates as an Illinois landscaping company, in Cook County, Illinois.  Defendant Rozco Landscaping Co.  is an Illinois corporation that conducts business in Cook County, Illinois; during relevant periods, upon information and belief, it employed four or more employees.

4.     Defendants Jennifer Orozco, and Marlene Orozco are the officers and agents of Defendant Defendant Rozco Landscaping Co.  On information and belief, they are residents of Cook County, Illinois.

## Jurisdiction And Venue

5.     The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

7.  At all relevant times, Plaintiffs were Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiffs do not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

8.     Defendant Rozco Landscaping Co. is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

9.     Defendants Jennifer Orozco, and Marlene Orozco are each an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Defendants ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and/or (5) s/he maintained employment records.

**Count 1 – Violation(s) of FLSA – Eriberto Galban Juarez v. Defendants**

10.     Plaintiff Eriberto Galban Juarez reincorporates Pars. 1-9, as if set forth in full herein.

11.     Plaintiff Eriberto Galban Juarez alleges the following related to his employment with Defendants:

a) he started worked for Defendants for one week in October 2019;

b) he performed landscaping;

c) any tips he received were *de minimis;*

d) he worked 72 hours per week on average;

e) he was paid or supposed to be paid $22.00 per regular hour;

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

g) he received $0 from Defendants.

12.     Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

13.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff's proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

14.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $1,936.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $1,936.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**Wherefore**, Plaintiff Eriberto Galban Juarez  respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.     The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $1,936.00;

B.     An award liquidated damages in an amount equal to at least $1,936.00;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

### Count 2 – Violation of IMWL - Eriberto Galban Juarez v. Defendants

15.     Plaintiff reincorporates ¶¶ 1-14, as if set forth in full herein for ¶ 15.

16. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

17. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

18. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

19. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

20. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

21. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**Wherefore**, Plaintiff Eriberto Galban Juarez espectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $1,936.00;

B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3 -  Violations of the IWCPA - Eriberto Galban Juarez v. Defendants

22.     Plaintiff reincorporates ¶¶ 1-21, as if set forth in full herein for ¶ 22.

23.     Defendants violated the IWCPA by failing to pay Plaintiff for his/her week(s) of employment with Defendants, which unpaid wages total $1,936.00.

24.     In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.      The amount of unpaid wages, totaling at least $1,936.00;

B.      An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C.      A declaration that Defendants violated the IWCPA;

D.      An award reasonable attorneys' fees and costs; and

E.       Any such additional or alternative relief as this Court deems just and proper.

**Count 4 – Violation(s) of FLSA – Angel Hernandez v. Defendants**

25.      Plaintiff Angel Hernandez reincorporates Pars. 1-9, as if set forth in full herein.

26.      Plaintiff Angel Hernandez alleges the following related to his employment with Defendants:

　　　　a) he started worked for Defendants for one week in October 2019;

　　　　b) he performed landscaping;

　　　　c) any tips he received were *de minimis;*

　　　　d) he worked 72 hours per week on average;

　　　　e) he was paid or supposed to be paid $22.00 per regular hour;

　　　　f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

　　　　g) he received $0 from Defendants.

27.      Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

28.      On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff's  proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

29.      Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $1,936.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $1,936.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**Wherefore**, Plaintiff Angel Hernandez respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.     The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $1,936.00;

B.     An award liquidated damages in an amount equal to at least $1,936.00;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

### Count 5 – Violation of IMWL - Angel Hernandez v. Defendants

30.     Plaintiff reincorporates ¶¶ 25-29, as if set forth in full herein for ¶ 30.

31. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

32. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

33. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

34. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

35. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**Wherefore**, Plaintiff Angel Hernandez respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $1,936.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 6 - Violations of the IWCPA - Angel Hernandez v. Defendants

37. Plaintiff reincorporates ¶¶ 25-36, as if set forth in full herein for ¶ 37.

38. Defendants violated the IWCPA by failing to pay Plaintiff for his/her week(s) of employment with Defendants, which unpaid wages total $1,936.00.

39. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling at least $1,936.00;

B.      An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C.      A declaration that Defendants violated the IWCPA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

s/  James M. Dore

**Justicia Laboral LLC**
**James M. Dore (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-942-9415 ext 105
E: jdore@justicialaboral.com; dschlade@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**